HANNAH M. APPELGATE, Respondent, *v.* CORNELIA D. MORSE et al., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

An objection does not lie on appeal because a judgment, gives the relief intended more minutely than specified in the decision, if the relief is not enlarged.

In an action to restrain the defendant, an owner and occupant of adjoining premises, from interference with the plaintiff's right to draw water from a well thereon, the court, upon a finding that by arrangement between the builder of the well and owner and occupant of the plaintiff's lot it had been owned and used in common by the adjoining owners and their successors in title, under claim of right, gave judgment for plaintiffs. *Held,* error, as the finding was not a sufficient foundation upon which to base an inference of right by prescription, but amounted to a finding of a mere license.

A right to use the waters of a well, as owner of land on which it stands, must be asserted at law ; but where it is sought to restrain interference with the enjoyment of an easement to use a well on another's land, the action is equitable.

THIS was an appeal from a judgment in favor of the plaintiff, entered upon the decision of the Special Term. The facts were these.

The plaintiff and defendant, Cornelia D. Morse, are owners of adjoining lots in the village of Penn Yan, in the county of Yates. At some time between the years 1831 and 1835 a person then owning and in possession of the lot now owned by the defendant dug a well on the northerly side of it, and within its boundaries.

About the year 1835 a house was built on the lot now owned by the plaintiff, and the occupant thereof drew water from the well by the permission of the then owner of defendant's lot.

The successive owners of plaintiff's lot have continued to draw from the well without let or hindrance, and under, as the referee finds, a claim of right so to do.

Some witnesses testify that the fence on the line between the lots of the parties ran at one time so that the north side of the curb formed part of the fence. Others testify that at a

later day the fence ran to the center of the curb and now it runs over the center of the curb, each party having a chain pump on her own side of the well.

The defendant, by her agent, some time before the commencement of this action, moved the part of the division fence at the margin of the highway about a foot north of where it formerly stood, cut off a part of plaintiff's gate so as to make it conform to the narrowed gateway, and threatened, as plaintiff alleges and as the referee finds, to remove the division fence on to what she calls the true line, and so as to deprive the plaintiff altogether of the use of the well.

The plaintiff, by her complaint, prayed for an injunction to restrain the defendant from depriving her of the use of the well and to compel the defendant to move back the northeast corner part of the division fence and for damages.

The court found, amongst other matters, that those occupying plaintiff's premises had continued to use the well without interruption under a claim of right, which claim had been recognized by successive owners of defendant's lot until defendant threatened to remove the fence as above stated.

The court decided, as matter of law, that the plaintiff had acquired a right to the well by prescription, and ordered judgment that defendant be enjoined from depriving plaintiff of the free and uninterrupted use of the well, and that plaintiff recover costs.

*Charles G. Judd,* for the appellants.

*D. B. Prosser,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J.  The appellant makes a preliminary objection that the judgment, as entered, does not conform to the decision of the court.

I do not discover that there is any material difference between the judgment. as ordered, and as entered. The latter

gives the relief more minutely than it is stated in the decision, but that is unobjectionable so long as it does not enlarge the relief intended to be given.

It would have been better, perhaps, had the judgment declared that the plaintiff's right to the water should be enjoyed in common with the defendant, but it gives the plaintiff the right to the use of water, as claimed in the complaint, and the right so claimed is in common with the defendant.

The defendant may, if she so elects, amend the judgment so as to restrict the plaintiff's right to the use of the water to be in common with her.

The appellant insists that the decision that the plaintiff is entitled to the use of the water by prescription is erroneous, and for it the judgment should be reversed.

The finding of fact is that by some arrangement between Wilson, who constructed the well on defendant's lot, and Schofield, who owned and occupied plaintiff's lot, the well was owned in common, and the owners of plaintiff's lot have ever since continued to use it in common with those owning defendant's lot under claim of right.

Had the court found that there was a grant of the right to use the well all doubt would have been removed. But the fact found amounts to mere license.

Prescription is defined, in a work entitled Law of Easements, to be a title acquired by possession had during the time and in the manner fixed by law. (Law of Easements, 861.)

In the same work, at page 121, it is said: " The effect of the user would be destroyed if it were shown that it took place by the express permission of the owner of the servient tenement, for in such case the user would not have been had with the intention of acquiring or exercising a right."

Again, at page 125, it is said: "Enjoyment had under a license or permission from the owner of the servient tenement confers no right as to the easement." (Angell on Watercourses, §§ 213, 216.)

The author, in the section last cited, says: " The enjoyment

of an easement had under the license or permission from the owner of the servient tenement is consistent with the right of the latter, and consequently confers no right to the easement."

If this is the law, the finding of fact is fatal to the judgment.

The plaintiff in her complaint put her right to the use of the water of the well on the ground that she owns one-half of the land in which it is dug.

If she could get the water from the part of the well on her own land, her right for any interference with the right is at law, not in equity.

If, in order to obtain the water, she must intrude upon the land of the plaintiff, either on or below the surface, so as to constitute her right an easement, she should so allege in her complaint, as a court of equity can afford her relief by restraining defendant from interfering with her in the exercise of the right, but it cannot give her the relief she would be entitled to in an action of trespass or ejectment.

On the case as made in the complaint, and on the facts found by the court at Special Term, I am of opinion the plaintiff is not entitled to the relief granted, and the judgment must therefore be reversed and a new trial granted, costs to abide event.

Judgment reversed.